United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICIOUS BRANDS, INC.,
Plaintiff,

v.

FACE CO., LLC, et al.,
Defendants.

Case No. 24-cv-04996-LJC

**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Re: Dkt. Nos. 66, 79

Defendants filed administrative motions to file under seal Exhibit T to the declaration of Robret Phillips submitted with Defendants' Motion for Summary Judgment, portions of the Motion that reference that exhibit, and Exhibit A and N to the declaration of Fatima Mobin submitted with their reply brief. ECF Nos. 66, 79. Exhibits T and A include Defendants' gross sales figures for certain broad categories in certain years. Exhibit N includes Plaintiff's gross sales figures for certain broad categories from August 22, 2024 through September 16, 2025.

The public has a presumptive right of access to judicial proceedings and filings. In contexts more than tangentially related to the merits of a case, including but not limited to dispositive motions, a party must show "compelling reasons" to file documents under seal. *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1096–97 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)) (alteration in original).

Defendants assert that "[c]ourts 'routinely' find the standard satisfied for 'confidential, non-public business information,' including internal sales figures"—purporting to quote *Calhoun*

*v. Google LLC*, No. 20-cv-05146-YGR, 2022 U.S. Dist. LEXIS 144497, at *8–9 (N.D. Cal. Aug. 12, 2022), for the internal quotations. ECF No. 66 at 4–5; ECF No. 79 at 4–5. The internally quoted language does not, however, appear in *Calhoun*. Instead, Defendants appear to have drawn that language from *Natera, Inc. v. CareDx, Inc.*, No. 23-mc-80117-LJC, 2023 U.S. Dist. LEXIS 98637, at *4 (N.D. Cal. June 6, 2023), which cites but does not quote *Calhoun*. Defendants' administrative motions do not cite *Natera*. In any event, both *Natera* and *Calhoun* applied the lower "good cause" standard applicable to non-dispositive motions no more than tangentially related to the merits. They did not apply the "compelling reasons" standard that applies here.

Defendants also purport to quote *Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-cv-04653-BLF, 2022 WL 2135757, at *2 (N.D. Cal. May 2, 2022), for the internal quotations in the following sentence: "Such information is 'the type of sensitive financial and business information' that, if made public, would furnish competitors with 'a roadmap of [Defendants'] business operations,' and market performance." ECF No. 79 at 5 (alteration in original). The quoted language there does not appear in *Lyft*, or in any other decision this Court could find on Westlaw or Lexis by *any* court, or in any source on the internet based on a Google search. Moreover, *Lyft*—like *Natera* and *Calhoun* above—applied the "good cause" standard, not the "compelling reasons" standard. *Lyft*, 2022 WL 2135757, at *2.

Defendants also assert that their first administrative motion is "consistent with the Court's Standing Order Governing Administrative Motions to File Materials Under Seal." ECF No. 66 at 4. No standing order by that name exists either for the undersigned magistrate judge or as a generally applicable order in the Northern District of California. This Court's Civil Standing Order does not address administrative motions to file under seal except with respect to possible requests for chambers copies. *See* Civil Standing Order for Magistrate Judge Lisa J. Cisneros, § B.2, *available at* https://cand.uscourts.gov/sites/default/files/standing-orders/LJC-CivilStandingOrder_2-17-26.pdf.

Those two administrative motions are therefore DENIED WITHOUT PREJUDICE to Defendants filing a renewed consolidated administrative motion to seal no later than one week from the date of this Order that applies the correct legal standard, accurately cites authority, and

United States District Court
Northern District of California

provides specific and sufficient reasons for sealing consistent with the applicable "compelling reasons" standard. In doing so, Defendants are encouraged to consider whether their requests to seal are sufficiently narrowly tailored and whether specific harm would be likely to result from disclosure. The material at issue will remain provisionally under seal pending Defendants' filing and the Court's review of that renewed motion. If a renewed motion is not filed, the Court will order the material at issue filed in the public record.

Defendants are further ORDERED to file by the same deadline a declaration explaining the apparent errors detailed above. If the errors arose from use of generative artificial intelligence—as appears possible, though the Court makes no findings on that issue at this time—Defendants must disclose which such product(s) they used in preparing their administrative motions. The Court is not inclined to issue sanctions for these errors, at least in the absence of unexpected evidence of serious misconduct, which is not apparent from the current record.

The Court has not reviewed in detail Defendants' more recent sealing motion (ECF No. 123) submitted with their latest motion to dismiss Plaintiff's false advertising claims, which the Court intends to resolve in conjunction with that motion to dismiss. Defendants are encouraged to review that administrative motion to ensure that it does not repeat the errors addressed above.

**IT IS SO ORDERED.**

Dated: September 24, 2026

LISA J. CISNEROS
United States Magistrate Judge