UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICIOUS BRANDS, INC.,
Plaintiff,
v.
FACE CO., LLC, et al.,
Defendants.

Case No. 24-cv-04996-LJC

**ORDER REGARDING MOTION TO DISMISS FALSE ADVERTISING CLAIMS FROM THIRD AMENDED COMPLAINT**

Re: Dkt. No. 124

## I. INTRODUCTION

Plaintiff Vicious Brands, Inc., doing business as Saints & Sinners, brings trademark infringement and false advertising claims against Defendants Face Co., LLC, Holly Cutler, and Skin Saint, LLC. Defendants sell skincare products and services. Plaintiff primarily sells haircare products, but has recently started selling a Hair & Body Oil product and alleges that it intends to begin selling other skincare products.

The Court has previously dismissed Plaintiff's false advertising claims for failure to allege sufficiently direct competition or any other basis to infer that Defendants' purportedly false statements about their products caused commercial injury to Plaintiff. Plaintiff has amended those claims, and Defendants move once again to dismiss, as well as for attorneys' fees as prevailing parties in an exceptional case under the Lanham Act, 15 U.S.C. § 1117(a). The Court finds the matter suitable for resolution without oral argument. For the reasons discussed below, Defendants' Motion is DENIED with respect to claims based on purportedly false statements about Defendants' The Power Couple Antioxidant product, but GRANTED as to claims based on statements about other products. Defendants' request for attorneys' fees is DENIED.

The present Motion to Dismiss does not relate to Plaintiff's trademark claims, for which

the Court previously denied summary judgment. Those claims therefore also remain active.

The hearing previously set for October 6, 2026 is converted to a case management conference, in person in Courtroom G at 10:30 AM, to set a schedule for resolution of this case. The parties should be prepared to address whether the trademark claims (which have already survived summary judgment) should be severed from the surviving false adverting claims (which have not yet been tested in that manner), and when any or all of the case should be set for trial.[1]

## II. BACKGROUND

The following summary is limited to the issues in dispute on the present Motion, and not as a complete statement of all claims, allegations, or issues in this case.

Plaintiff's Third Amended Complaint alleges that Defendants' website includes false statements touting purported benefits of three products: "The Power Couple Antioxidant," "The Eye-Opener: Re-Defyne Eye Cream," and "Needle-Free Filler Serum." 3d Am. Compl. (TAC, ECF No. 97) ¶ 54.[2] For the purpose of the present Motion, Defendants do not challenge the sufficiency of Plaintiff's allegations of false statements. *See generally* ECF No. 124 (Mot.); ECF No. 129 (Reply). Instead, they contend that Plaintiff lacks statutory standing under the Lanham Act to bring its false advertising claims because Plaintiffs' products do not compete with Defendants' products.

The Court has twice previously dismissed Plaintiff's false advertising claims with leave to amend, because Plaintiff had not yet brought any skincare product to market that competed with Defendants' products, and Plaintiffs did not sufficiently allege imminent competition. ECF No. 60 at 16–18; ECF No. 95 at 10–16.[3]

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

[2] In a footnote, Plaintiff alleges that Defendants also previously made false statements about three other products: "The Superhero: SOS Intense Defense Serum," "The Fountain of Youth: Holy Grail Cream," and "The Rebuilder." TAC ¶ 55 n.5. There is no allegation that Defendants made those statements while Plaintiff was selling a competing skincare product, or otherwise in any manner that would have caused Plaintiff commercial injury.

[3] *Vicious Brands, Inc. v. Face Co., LLC*, No. 24-cv-04996-LJC, 2025 WL 2198609 (N.D. Cal. July 25, 2025); *Vicious Brands, Inc. v. Face Co., LLC*, No. 24-cv-04996-LJC, 2026 WL 276178 (N.D. Cal. Feb. 3, 2026).

Plaintiff now alleges that it has started selling one skincare product: Velvet Divine Hair & Body Oil, which it markets as a "lightweight, multi-use, fast-absorbing hair & body oil [that] melts away stress leaving you renewed, relaxed, recharged," with an "Antioxidant Blend for environmental protection" and other ingredients that "deeply hydrate while helping protect the natural barrier which can improve elasticity and lock in moisture." TAC ¶ 37. Plaintiff also alleges that it "will further expand the Velvet Divine Skin line in 2026" to include body wash and body butter products, "with additional products to follow." *Id.* ¶ 4.

Plaintiff alleges that its extant Hair & Body Oil product shares several ingredients in common with Defendants' Niacinamide Overnight Face Cream, two ingredients in common with Defendants' Retinol Night Serum, one ingredient in common with Defendants' Hyaluronic Acid Refreshing Serum, and one ingredient (olive oil) in common with "multiple products of Defendants." *Id.* ¶ 40. Plaintiff has not alleged any particular false statements regarding any of those specific products sold by Defendants with specific overlapping ingredients, nor has Plaintiff alleged that its product shares ingredients with any of the three products discussed above for which Plaintiff has alleged false advertising. *See id.* ¶¶ 40, 54.

In addition to seeking dismissal of Plaintiff's false advertising claims, Defendants move for attorneys' fees as prevailing parties in an exceptional case under the Lanham Act, on the basis of purportedly false statements by Plaintiff in its current and previous complaints. ECF No. 124 at 14–18 (citing 15 U.S.C. § 1117(a)).

## III. LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation and internal quotation marks omitted). A complaint generally must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[4]

A court reviewing a 12(b)(6) motion must "accept all factual allegations in the complaint

[4] Rule 9(b)'s more stringent pleading standard for claims sounding in fraud is discussed separately below.

United States District Court
Northern District of California

as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). "Threadbare recitals of the elements of a cause of action . . . do not suffice," however, and a court need not credit "legal conclusions" or "mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A court's review under Rule 12(b)(6) is generally limited to the contents of a complaint, with the exception of materials incorporated by reference in a complaint or materials subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). A court generally should not dismiss a complaint with prejudice under Rule 12(b)(6) unless it is clear the complaint cannot be saved by any amendment. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "[L]eave to amend should be freely granted 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Generally, leave to amend may be denied only if allowing the amendment would unduly prejudice the defendant, cause undue delay, or be futile, or if the plaintiff has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Previous motions to dismiss in this case have implicated subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and the heightened standard for alleging fraud under Rule 9(b). Defendants' present motion relies solely on Rule 12(b)(6), however, so the Court addresses and applies only that legal standard. *See* ECF No. 124 at 9.

## IV. ANALYSIS

To establish a cause of action under the Lanham Act, "a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark*, 572 U.S. at 131–32. The Lanham Act encompasses "likely" injuries in addition to actual past injuries, and the Ninth Circuit has "generally presumed commercial injury when defendant and plaintiff are direct competitors and

defendant's misrepresentation has a tendency to mislead consumers." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825, 826 (9th Cir. 2011). A plaintiff can meet that burden "using actual market experience and *probable* market behavior," which in the absence of "lost sales data" might be done by "creating a chain of inferences showing how defendant's false advertising could harm plaintiff's business." *Id.* at 825 (cleaned up) (discussing Article III standing, before turning to Lanham Act injury).[5]

Addressing the sufficiency of Plaintiff's Second Amended Complaint, which Plaintiff filed before it had started selling any skincare products, the Court held that Plaintiff's allegations would likely be sufficient to allege competition with at least some of Defendants' products once Plaintiff began selling the products Plaintiff was developing:

> Plaintiff alleges here that it intends to sell products in the same categories ("moisturizer; creams; cleansers; toners; masks; skin treatments; and serums") touting the same benefits ("moisturizing, antioxidant, and anti-aging") and targeting the same segment ("customers seeking luxury and performance skincare products") of the U.S. national skincare market, through overlapping online shopping channels. SAC ¶ 42. Such allegations go beyond the conclusory assertions of Plaintiff's First Amended Complaint. Under these circumstances of a plaintiff alleging *likely* injury based on its forthcoming product, the Court finds those allegations sufficient to support a plausible inference that, *if or when* Plaintiff's products come to market, at least some of them will compete directly with at least some of Defendants' products. Such direct competition would in turn support a "presumed commercial injury" sufficient for a false advertising claim under the Lanham Act. *TrafficSchool.com*, 653 F.3d at 826. As discussed above, however, Plaintiff has not yet plausibly alleged that it has begun or will imminently begin selling any product that competes directly with Defendants.

ECF No. 95 at 15.

In discussing the related issue of Article III standing, however, the Court noted that it was not clear which of Defendants' products Plaintiffs' forthcoming hair and body oil would compete with, because not all skincare products necessarily compete with each other. *Id.* at 13 & n.7.

[5] As the Court has previously noted, the commercial injury inquiry tends to overlap and inform questions of Article III standing, because "[a]t least in the typical Lanham Act false advertising case, the injury at issue in the Article III analysis of actual or imminent harm is the commercial injury to reputation or sales that the statute requires for a viable claim." ECF No. 95 at 10. Defendants' present Motion does not challenge Plaintiff's standing under Article III.

"Someone shopping for a 'needle-free filler serum,' might, for example, have no interest in an eye cream as a potential alternative purchase." *Id.* at 13 n.7 (citations omitted).

Plaintiff has now started selling its hair and body oil. In addition to allegations like those Plaintiff previously offered regarding overlapping intended customers, TAC ¶ 41, Plaintiff alleges that the product it is now selling is advertised to contain antioxidants (among other ingredients) intended for skin protection, *id.* ¶ 37. At least as alleged by Plaintiff—and supported by a screenshot attached to Plaintiff's Third Amended Complaint—Defendants make similar claims about their Power Couple Antioxidant product. *Id.* ¶ 54 & Ex. A (ECF No. 97 at 35). At the pleading stage, drawing reasonable inferences in Plaintiff's favor, it is therefore plausible that those two products compete directly.

As the Court previously noted, an unpublished decision by the Ninth Circuit held somewhat similar allegations—that competing products "use[d] similar language to describe their health benefits"—insufficient in the absence of "facts that show consumers consider [the plaintiff's] products to be substitutes with [the defendant's] product," like "photographs of [the] products being listed side-by-side" or "customer review[s] stating a preference for one over the other." *ThermoLife Int'l, LLC v. BPI Sports, LLC*, No. 21-15339, 2022 WL 612669, at *3 (9th Cir. Mar. 2, 2022). It is not clear whether that case included allegations similar to Plaintiff's allegations here that Plaintiff and Defendants target the same segment of consumers through online sales aimed at "customers seeking luxury and performance skincare products." TAC ¶ 41. It is also difficult to reconcile *ThermoLife*'s analysis, which faulted the plaintiff for failing to offer specific *evidence* to support a claim, with the usual Rule 12(b)(6) pleading standard. Though Defendants relied on *ThermoLife* in their previous motions to dismiss, they did not cite it in this Motion[6] (though they returned to it in their reply brief, ECF No. 129 at 8–9). The Court declines to construe the non-precedential *ThermoLife* decision as grounds for dismissal.

In their reply, Defendants cite a Second Circuit dismissing for lack of standing where a

[6] Nor, for that matter, does Defendants' Motion cite *any other* caselaw besides the *Iqbal* pleading standard in their argument that Plaintiff's Hair & Body Oil does not compete with Defendants' products. ECF No. 124 at 10–12.

plaintiff failed to show that its prescription skincare drug directly competed with the defendant's over-the-counter product. ECF No. 129 (citing *Ortho Pharm. Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 694 (2d Cir. 1994)). That case was decided after a trial rather than on the pleadings, and there is no suggestion here that either party's products at issue require a prescription. *Ortho Pharmaceutical* is therefore wholly inapposite. This is also not a case where Plaintiffs merely allege that the parties "operat[e] in the same broader industry." *Cf.* ECF No. 129 at 8 (Defendants reply brief, discussing the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131–32 (2014)).

Plaintiff has plausibly alleged that its Velvet Divine Hair & Body Oil product directly competes with Defendants' Power Couple Antioxidant product by alleging that both are marketed for online sales to the same customers, to serve at least one of the same purposes (skin protection) through some of the same mechanisms (antioxidants), with no obvious differentiating factor like the prescription status in *Ortho Pharmaceutical*. Accepting—as unchallenged—the sufficiency of Plaintiff's allegations of misleading advertising by Defendant, such direct competition is "generally presumed" to cause the necessary "commercial injury" for a Lanham Act claim." *TrafficSchool.com*, 653 F.3d at 826. It is not difficult to see the "chain of inferences" through which "defendant's false advertising could harm plaintiff's business." *Id.* at 825. It remains to be seen whether Plaintiff will be able to prove on a factual record commercial injury from Defendants' representations about their Power Couple product. But at this stage, Plaintiff's allegations with respect to that product are sufficient to survive review under Rule 12(b)(6). Defendants' Motion to Dismiss is therefore DENIED to the extent that Plaintiff's false advertising claims relate to that product.

For the other two products where Plaintiff alleges ongoing misrepresentations, however, the connection is less clear. Defendants market their Re-Defyne Eye Cream to reduce wrinkles around eyes; and their Needle-Free Filler Serum to reduce wrinkles, increase firmness, and more generally mimic the effects of a collagen filler injunction. TAC ¶ 54. There is no indication that Plaintiff has marketed its Hair & Body Oil for such purposes, that Plaintiff intends to market its forthcoming Velvet Divine Body Wash or Velvet Divine Body Butter for such purposes, or that

customers would otherwise tend to view such products as substitutes for Defendants' eye cream and filler serum.[7] In the absence of plausible allegations of direct competition, or any other plausible basis to infer commercial injury, Defendants' Motion is GRANTED to the extent Plaintiff's false advertising claims rest on Defendants' representations about the Re-Defyne Eye Cream and Needle-Free Filler Serum products.

Plaintiff also asserts that the specific allegedly false representations and products identified in the Third Amended Complaint "are just a small sampling of the statistically and scientifically-specific advertising claims made by Defendants about the efficacy of their products." TAC ¶ 55. To the extent the Third Amended Complaint could be construed as bringing false advertising claims based on other unspecified representations about other unspecified products, it falls far short of the *Iqbal* standard, and Defendants' Motion to Dismiss is GRANTED as to such potential claims.

Plaintiff has had multiple opportunities to amend its allegations regarding these claims. There is no indication that further leave to amend at this time would be fruitful. Further leave to amend is therefore DENIED as futile, and as prejudicial to the Court's and the parties' ability to reach a resolution of the remaining claims in this case, which has now been pending for more than two years.

Defendants' Motion to Dismiss is directed to Plaintiff's "false advertising claims," including Plaintiff's claim under California's Unfair Competition Law (UCL) to the extent that it is predicated on a theory of false advertising. *See* ECF No. 124 at 18–19; ECF No. 124-7 (Proposed Order) ¶ 2. No party has identified any relevant distinction between that claim and Plaintiff's Lanham Act false advertising claim. This Order therefore applies equally to Plaintiff's UCL claim to the extent that it is predicated on false advertising.

## V. MOTION FOR ATTORNEYS' FEES

Defendants move for attorneys' fees under the Lanham Act's provision that the "court in

---

[7] The Court need not resolve the parties' arguments as to whether Plaintiff has alleged sufficiently the imminent launch of its body wash and body butter products, because these two forthcoming products do not change the results of which of Defendants' products Plaintiff has sufficiently alleged are in direct competition with Plaintiff's products.

United States District Court
Northern District of California

exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). With the Court now denying in part Defendants' motion to dismiss Plaintiff's Lanham Act false advertising claim, no party has yet prevailed. Defendants' request for attorneys' fees is therefore DENIED WITHOUT PREJUDICE.

The Court does not reach the merits of whether Plaintiff's previous complaints included false statements. Defendants' administrative motion to file deposition testimony and discussion thereof under seal relates only to this portion of Defendants' substantive motion. *See* ECF No. 129 at 6 (Defendants assertion that their "reliance on deposition testimony is correctly limited to [their] argument in support of [their] attorneys' fees request -- not as a basis for dismissal under Rule 12(b)(6)"). That sealing motion (ECF No. 123, and its amended version at ECF No. 133) is therefore DENIED AS MOOT. The Court deems the purportedly confidential materials at issue withdrawn and will not consider them. *See* Civ. L.R. 79-5(g)(2). To the extent that any party might seek to rely on such materials at a later stage of the case, that party must bring a renewed administrative motion to file under seal before the Court will consider those materials.

## VI. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part, Defendants' request for attorneys' fees is DENIED without prejudice, and the hearing previously set for October 6, 2026 is converted to a case management conference to set a schedule for resolution of the claims that remain.

**IT IS SO ORDERED.**

Dated: October 5, 2026

LISA J. CISNEROS
United States Magistrate Judge